(No. 23948.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH PRZYBYL, Plaintiff in Error.

*Opinion filed February 18, 1937.*

516

HAROLD L. LEVY, and EDWARD M. KEATING, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the criminal court of Cook county of the crime of manslaughter through criminal negligence while driving his taxicab. He brings the cause here for review urging first, that the evidence did not justify the verdict of conviction, and, second, errors in admission of evidence.

On the morning of October 23, 1935, at about 7:10 o'clock, plaintiff in error was driving his taxicab east in the 5500 block on a street in the city of Chicago known as Roosevelt road. While in the act of passing another auto-

mobile he struck one Humbert Marco, who was crossing the street in a northwesterly diagonal direction from the south to the north curb. At the point where this occurred Roosevelt road is approximately fifty-four feet in width from curb to curb. There are double street-car tracks extending along the center of it. The distance from the south curb to the south rail of the east-bound track is fifteen feet. From the south rail to a point two feet north of the north rail of the west-bound track is seventeen feet. All of this area is paved with brick. From a point two feet north of the north rail of the west-bound track to the north curb is twenty-one feet and is paved with concrete. The center line of the car tracks marks the boundary line between Chicago and Cicero. This section of Roosevelt road passes through an industrial district. There is no cross-street at 5500 Roosevelt road and no cross-walk or sidewalk, though a path approaching the street diagonally at this point is indicated in the record. On the north side of Roosevelt road at that point is vacant property.

George W. Fredericks, who was driving the car which plaintiff in error had just passed when he struck Marco, testified that he was driving east at about thirty-five miles an hour; that his left front wheel was about midway between the rails of the east-bound street-car track; that when he was at about 5500, west, he saw deceased about seventy-five feet ahead of him, walking diagonally across the street, at about the center of the roadway; that a taxicab proceeding east, driven by plaintiff in error, passed his car on the left, swung over to the north rail of the west-bound track and, when about twenty feet past the witness' car, struck the deceased, who was at that time a little north of the center of the west-bound rails, and that the taxicab was going about forty-five miles per hour. This witness also testified that the deceased was thrown directly east forty or fifty feet, his body landing a little north of the west-bound rails, and that after striking the deceased the

taxicab skidded about seventy-five feet to the south curbing, its right side striking a post and shearing it off. This witness testified that the sun was not shining but the air was clear; that it had not been raining but the pavement looked damp, and that he saw skid marks on the pavement made by the taxicab from the point where the deceased was struck to the point of impact with the post. He testified that he heard the scraping of brakes after the deceased was struck and that the taxicab did not swerve to the right to avoid deceased as it was too late, "it all happened so quick."

Witness Ignatius Kempke testified that he saw the taxicab a few minutes after the accident; that the left front fender and headlight were pushed back and that he noticed fragments of flesh on them. He testified also that the windshield was broken at the right of the center and the right running-board was crushed in; that he observed a broken post on the south side of the street.

Joseph J. Tuma, a Cicero police officer, testified to having seen the skid marks and the broken post. He also corroborated Kempke in his description of the taxicab. He testified, on cross-examination, that plaintiff in error seemed to be dazed from the shock; that he asked for medical examination and complained of pain in his side, and that he appeared nervous and at the station could not answer questions put to him by the doctor. Ronald Techem, a police officer of Cicero, corroborated the testimony of other witnesses as to the description of the scene.

Plaintiff in error testified that he had been a taxicab driver for about nine years; that on that morning he had received an order to go to Roosevelt road and Cicero avenue; that at Central avenue he came up behind the car driven by the witness Fredericks and followed along about fifteen feet behind it; that as he was passing the Fredericks car the deceased jumped in front of that car and while he swung sharply to the right he was unable to save him; that he did not see him until he was passing the

Fredericks car, when deceased was about fifteen or twenty feet in front of him; that he sounded his horn and that he did not know what happened after he ran into the post because he was in a daze. He also testified that at the time he passed the Fredericks car he was going about thirty-five miles per hour and that as soon as he saw deceased he applied his brakes but did not know how far his car traveled after that. He also testified that he had the braking mechanism of his car adjusted every two or three weeks, and never drove over thirty-five miles an hour.

The question in this class of cases is whether the conduct of the plaintiff in error amounts to criminal negligence. Such is the gist of the offense. This negligence must be proved beyond a reasonable doubt. Counsel for plaintiff in error do not deny negligence on his part but contend that it was not such negligence as, in law, is known as criminal negligence. The rule as to criminal negligence in cases of this character has been settled in this State. Negligence, to be criminal, must be reckless or wanton, and of such a character as shows an utter disregard for the safety of others under circumstances likely to cause injury. (*People* v. *Schneider,* 360 Ill. 43; *People* v. *Anderson,* 310 id. 389; *People* v. *Schwartz,* 298 id. 218; *People* v. *Falkovitch,* 280 id. 321.) The rule as stated in these cases, also is that it is not necessary, in order to establish criminal negligence, that the People prove that the driver of an automobile knowingly, intentionally and recklessly drove his car against a pedestrian. The Motor Vehicle act provides that no person shall drive an automobile upon any public highway at a speed greater than is reasonable and proper, having regard for the traffic and the use of the way, or so as to endanger life or limb, or injure the property of any person. This act provides that a speed in excess of thirty-five miles per hour in a suburban district, such as the record shows this district to be, shall be *prima facie* evidence of negligence.

In contemplation of law pedestrians have a right to be upon the highway, as well as drivers of automobiles, subject, however, to reasonable traffic regulations governing crossing streets in congested districts. The tremendous loss of life and injury occurring daily from the operation of automobiles is a matter of common knowledge and one of which courts must, therefore, take judicial notice. It was the duty of the plaintiff in error to drive his car in conformity with the statutes governing speed, and to have his car under such control as to enable him to avoid collision He was bound to anticipate that he might meet persons or vehicles. When behind the Fredericks car he was unable to see whether there was anyone in front of it who might be endangered by his hurriedly passing it. Not every violation of the Motor Vehicle law amounts to criminal negligence, for the reason that not all such negligence is reckless or wanton and of such a character as shows an utter disregard for the safety of others; but where excessive speed in passing other cars is combined with disregard for persons or things approaching or crossing, whom the passing driver cannot see, such is evidence of criminal negligence. On pulling to the left to pass the Fredericks car it was plaintiff in error's duty to have his car under control, so as to avoid striking any person or property on the highway ahead of the car he was passing. The undisputed evidence is that plaintiff in error's car, with brakes applied, skidded a distance of about seventy-five feet and into a wooden post with such impact as to break it off at the ground. We are unable to say from this record that the evidence does not justify the verdict.

The only other error urged is that the court erred in admitting photographs of the taxicab, taken three days after the accident. The record shows only a general objection. The testimony of the witness who identified them is that the exhibits are true and correct photographs of the front

and right side of the taxicab as the witness saw it at the scene soon after the accident. There is no dispute in the testimony as to what happened, or the condition of the taxicab. It was not error to admit the photographs in evidence.

There being no error in the record requiring reversal, the judgment of the criminal court is affirmed.

*Judgment affirmed.*