Ursula Cox, Administrator of the Estate of Elsie Lee Cox, Deceased, Appellant, v. Joseph J. Dreher, Appellee.

Gen. No. 9,084.

324

Opinion filed January 17, 1938.

STEELY, STEELY, GRAHAM & DYSERT, of Danville, and JESSE YOUNG, of Rossville, for appellant; WALTER V. DYSERT, of counsel.

MANN & STIFLER, of Danville, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

In this case a judgment was entered against the plaintiff, appellant here, in favor of the appellee, and in bar of action, upon a directed verdict at the close of the plaintiff's evidence. At the trial the complaint consisted of one count charging the appellee with wilful and wanton conduct in the operation of his automobile on the highway and thereby driving his car upon and against one Elsie Lee Cox, a pedestrian, causing her serious injuries from which she immediately died.

The question on appeal is whether or not there was sufficient facts proven of the wilful and wanton conduct to submit the case to a jury.

The facts show that Joseph J. Dreher, a State highway officer, on the evening of April 20, 1935, between the hour of 7:00 and 7:30, was driving north on the Dixie highway, north of Rossville, in Vermilion county;

that the highway was paved and about 18 feet in width. A witness, Louis Polsen, was about the same time also driving north on the same highway and, while going at the rate of 30 miles per hour, Dreher came up from the rear and passed him traveling at a rate of about 40 to 45 miles per hour. This was at a point about a half a mile south of the scene of the accident and half a mile north of the village limits of Rossville. Polsen had one light burning on his car and could see about 200 feet ahead. He did not see any part of the accident or observe any movement of Dreher's car or the lights. When he arrived at the point of the accident he saw lights shining from a car that had been upset upon the west side of the road. He stopped his car and found the appellee in the upset car. The appellee spoke to Polsen and said, "My God Polsen help me." Polsen helped to pull the appellee out of his car and the latter said to him, "I think I have killed a girl." The appellee had a flashlight and the two men went over and looked at the girl lying just east of the edge of the pavement. At the request of the appellee, Polsen got in his car and drove back to a filling station and called a doctor and an ambulance. Polsen did not notice any skid marks on the pavement at the time but when he came back, which was in about five or ten minutes, he saw them and thinks they began about 70 or 75 feet south of the scene of the accident. Later on he testified that he noticed marks where the car had skidded to the ditch and upset.

Lawrence Ellis, an assistant undertaker, responded to the call for an ambulance and testified that he found the dead body on the right-hand side of the road just east of the pavement; that her head was lying about a foot or a foot and a half off the pavement and the body extending in a southeasterly direction; he also testified to the serious injuries and the condition of the clothing of the plaintiff's intestate. Another witness testified

that he saw skid marks on the pavement on the right-hand side of the road and as soon as they began the marks started to turn in a curve or angle across the road of about 45 degrees and extended over a distance of about 90 feet. Several other witnesses testified to seeing skid marks on the highway and that there was broken glass about the center of the east half of the pavement.

The complaint of appellant charges that the appellee wilfully and wantonly drove his automobile at a speed of 60 miles per hour; that he did not have his car under control; that he did not give any reasonable or timely warning by sounding a horn or otherwise; and that he did not have sufficient lights on the front of his automobile to enable him to see and observe persons walking on the highway. It is earnestly contended by the appellant that the trial court erroneously directed a verdict in this case because there was not a word of explanation or justification for the untimely death of plaintiff's intestate, a girl 19 years of age and in good health whose dead body was found in a pool of blood entirely off the paved portion of the highway and entirely on the gravel shoulder. The law does not impose the burden upon a defendant to prove he was not guilty of a charge of wilful and wanton conduct. The burden of proving facts which constitute wilful and wanton conduct was upon the plaintiff in this case. From an entire examination of the testimony we cannot see any proof which establishes a case of wilful and wanton conduct on the part of the appellee. Certainly, there was no proof of a failure to give warning nor any evidence that the lights on Dreher's car were not lit before nor at the time of the accident. The testimony does show that the front lights on Dreher's car were still burning just after the accident. The appellant argues that the length of the skid marks and other

physical circumstances surrounding the scene of the accident are sufficient facts to indicate that appellee was traveling at an excessive rate of speed and in such a reckless manner as to constitute wilful and wanton conduct. We know of no authority which holds that mere skid marks on a highway is competent evidence of wilful and wanton conduct in the operation of a car. The authorities cited by counsel in support of their contention present an entirely different state of facts. In the case of *People v. Przybyl,* 365 Ill. 515, where the Supreme Court affirmed a conviction of manslaughter, the driver of a taxi cab in approaching a main crossing on Roosevelt road passed another car on the left while going at the rate of about 45 miles per hour and struck the decedent, who was crossing the intersection diagonally. In that case there were plenty of eyewitnesses to testify to the speed of the automobile, the circumstances surrounding the accident and the violation by the defendant of several traffic regulations. In the case of *Fickerle v. Herman Seekamp, Inc.,* 274 Ill. App. 310, where a judgment was affirmed and the defendant found guilty of wilful and wanton conduct the facts show that a pedestrian was fatally injured while crossing a street just after alighting from a southbound street car. The defendant was proceeding north across the intersection of Crawford avenue and 13th street at about the rate of 35 miles per hour in violation of the traffic regulations of the city of Chicago. In that case there was an eyewitness standing on the corner of the intersection, who testified to all the circumstances surrounding the accident including the rate of speed, just how the decedent was proceeding across the street, the stopping of the street car to discharge passengers, the character of the intersection and other definite and specific information upon which the jury were fully warranted in a finding of wilful and wanton conduct

on the part of the defendant. The other cases cited by counsel are as readily distinguishable from the facts in this case.

In the absence of any proof as to just where the decedent was walking or to show just how the accident occurred, the speed at which the appellee was traveling or other evidence of reckless conduct on the part of the appellee, we believe there is no evidence which would justify any other finding, and the court was justified in instructing the jury to find the defendant not guilty, *Greenwald v. Baltimore & O. R. Co.*, 322 Ill. 627.

It is our judgment that before a court would be warranted in submitting this case to a jury it would be necessary to prove that the wilful and wanton conduct of the appellee was the proximate cause of the injury and death of Elsie Lee Cox, and that by facts in evidence from competent witnesses. In this case the jury would have to guess or conjecture as to what the real facts were, and no verdict based upon mere guess or conjecture should be permitted to stand. For the reasons set forth the action of the trial court in directing a verdict at the close of the plaintiff's evidence was fully authorized. The judgment of the trial court is therefore affirmed.

*Affirmed.*